US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

FEB 12 2018

DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>PLAINTIFF | )<br>)<br>) |
| v. | ) Civil No. 18-3023<br>) |
| TWENTY-SEVEN FIREARMS SEIZED FROM<br>100 PENIX DRIVE, LEAD HILL, ARKANSAS<br>DEFENDANTS | )<br>)<br>)<br>) |

## COMPLAINT FOR FORFEITURE IN REM

Plaintiff, United States of America, by and through Duane (DAK) Kees, United States Attorney for the Western District of Arkansas, and the undersigned Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1. This is an action to forfeit property to the United States for violations of 21 U.S.C. §§ 841 *et seq.* and as such is forfeitable under 21 U.S.C. § 881(a)(6).

### THE DEFENDANT IN REM

2. The defendant property consists of the following twenty-eight firearms seized from 100 Penix Drive, Lead Hill, Arkansas, on August 17, 2017:

    a. A Ruger New Vaquero .357 caliber handgun (SN: 51048963);

    b. A Marlin 12-gauge shotgun (SN: 95300396);

    c. A Remington 100 12-gauge shotgun (SN: M585014V);

    d. A Remington Baikal 12-gauge shotgun (SN: 0652511R);

    e. A Heritage .357 caliber revolver (SN: F09726);

    f. A HiPoint Model 995 9mm rifle (SN: B53673);

1

g. An EIG .22 caliber handgun (SN: 356732);

h. A Keltec P3AT .380 caliber handgun (SN: HTC55);

i. A Ruger New Vaquero .357 caliber handgun (SN: 51046725);

j. A Marlin 1894CB .357 caliber rifle (SN: 932018193);

k. A HiPoint JHP .45 caliber handgun (SN: X460592);

l. A Henry .22 caliber rifle (SN: 541513H);

m. A Taurus ET 145 Pro .45 caliber handgun (SN: NAM01259);

n. A Beretta MU22 NEOS 9mm handgun (SN: P74479);

o. A Taurus Judge 410/45 caliber handgun (SN: JP537539);

p. A Bushmaster Carbon-15 9mm handgun (SN: BK3010033);

q. A Palmetto PA-15 multi-caliber handgun (SN: LW285771);

r. An Eksen Arms 12-guage shotgun (SN: X1100819);

s. A Remington Modell 11 12-guage shotgun (SN: 382050);

t. A Ruger Model 10/22 .22 caliber handgun (SN: 001-44658);

u. A Marlin Model 60 .22 caliber rifle (SN: 3375380);

v. A Ruger Model 10/22 rifle (SN: 125-32271);

w. A Savage M112 .300 caliber rifle (SN: G150145);

x. A Savage M 12 rifle (SN: G506071);

y. A Savage 22-250 rifle (SN: G573442);

z. A Savage 17 Hornet rifle (SN: VS 00496); and

aa. A Heritage Rough Rider .22 caliber handgun (SN: HR39326).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. §§ 1355(a), 1355(b)(1)(A) and 1395(b). This Court also has jurisdiction over this particular action pursuant to 21 U.S.C. § 881(a)(6).

4. This Court has *in rem* jurisdiction over the defendant property as:

1) pursuant to 28 U.S.C. § 1355(b)(1)(A), acts or omissions giving rise to the forfeiture occurred in this district; and

2) pursuant to 28 U.S.C. § 1355(b)(1)(B), incorporating 28 U.S.C. § 1395, because the action accrued in this district and the defendant is found in this district.

5. Venue is proper in this district as:

1) pursuant to 28 U.S.C. §1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district; and

2) pursuant to 28 U.S.C. § 1395, because the action accrued in this district and the defendant is found in this district.

## BASIS FOR FORFEITURE

6. The defendant properties are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because they constitute 1) things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; or 3) property used or intended to be used to facilitate any violation of the Controlled Substances Act.

## FACTS

7. Please see the Affidavit of Federal Bureau of Investigation Special Agent Justin Ledzinski, attached hereto as Exhibit "A." The attached affidavit is hereby incorporated herein as if word-for-word and made a part of this Complaint. As such, the Affidavit and all additional paragraphs are reincorporated here as if alleged herein and require a responsive pleading to each separate averment contained therein.

## CLAIM FOR RELIEF

WHEREFORE the United States prays that the defendant property be forfeited to the United States, that the plaintiff be awarded its costs and disbursements in this action, and for such other and further relief as the Court deems proper and just.

Respectfully submitted,
DUANE (DAK) KEES
UNITED STATES ATTORNEY

By: _____
Aaron Jennen
Assistant United States Attorney
Arkansas Bar No. 2004156
414 Parker Avenue
Fort Smith, AR 72901
(479) 783-5125
Email: Aaron.Jennen@usdoj.gov

## VERIFICATION

I, Justin Ledzinski, hereby verify and declare under penalty of perjury that I am a Federal Bureau of Investigation Special Agent, that I have read the foregoing Verified Complaint in Rem and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent with the Federal Bureau of Investigation.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated this 7th day of February 2018.

Justin Ledzinski, Special Agent
Federal Bureau of Investigation

## AFFIDAVIT IN SUPPORT OF FORFEITURE COMPLAINT

1. I, JUSTIN A. LEDZINSKI, Special Agent of the Federal Bureau of Investigation (FBI), being duly sworn, depose and state as follows:

### AFFIANT EXPERIENCE AND KNOWLEDGE

2. I am an investigative or law enforcement officer of the United States, within the meaning of Section 2510(7) of Title 18, United States Code, and am empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code.

3. I have been a Special Agent with the FBI for over 12 years. I am currently assigned to the Little Rock Office, Fayetteville Resident Agency of the FBI, and have been since November of 2007. From 2005 to 2007, I was assigned to the Laredo, Texas Resident Agency of the FBI. In connection with my official FBI duties, I investigate criminal violations of the Controlled Substances Act. I have received specialized training in the enforcement of federal narcotics laws. My training and experience has involved, among other things, (a) the debriefing of defendants, witnesses, and informants, as well as others who have knowledge of the distribution and transportation of controlled substances, and of the laundering and concealment of proceeds of drug trafficking; (b) surveillance; and (c) analysis of documentary and physical evidence. I have also received training in investigations involving the interception of wire and electronic communications and have participated in numerous investigations involving the interception of wire and electronic communications. Based on my training and experience, I have become familiar with the manner in which narcotics traffickers conduct their drug-related businesses, including the methods employed by narcotics dealers to import and distribute narcotics, and their use of coded language to refer to narcotics, drug proceeds, and other aspects of narcotics trafficking. I have

received specialized training from the FBI relating to the investigation of drug and money laundering offenses, and have been personally involved in several investigations involving the unlawful possession, manufacture, and distribution of controlled substances, including cocaine, methamphetamine, marijuana.

## ASSETS TO BE FORFEITED

4. This affidavit is being submitted in support of the forfeiture of the following assets:

   a. A Ruger New Vaquero .357 caliber handgun (SN: 51048963);

   b. A Marlin 12-gauge shotgun (SN: 95300396);

   c. A Remington 100 12-gauge shotgun (SN: M585014V);

   d. A Remington Baikal 12-gauge shotgun (SN: 0652511R);

   e. A Heritage .357 caliber revolver (SN: F09726);

   f. A HiPoint Model 995 9mm rifle (SN: B53673);

   g. An EIG .22 caliber handgun (SN: 356732);

   h. A Keltec P3AT .380 caliber handgun (SN: HTC55);

   i. A Ruger New Vaquero .357 caliber handgun (SN: 51046725);

   j. A Marlin 1894CB .357 caliber rifle (SN: 932018193);

   k. A HiPoint JHP .45 caliber handgun (SN: X460592);

   l. A Henry .22 caliber rifle (SN: 541513H);

   m. A Taurus ET 145 Pro .45 caliber handgun (SN: NAM01259);

   n. A Beretta MU22 NEOS 9mm handgun (SN: P74479);

   o. A Taurus Judge 410/45 caliber handgun (SN: JP537539);

   p. A Bushmaster Carbon-15 9mm handgun (SN: BK3010033);

   q. A Palmetto PA-15 multi-caliber handgun (SN: LW285771);

  r.  An Eksen Arms 12-guage shotgun (SN: X1100819);

  s.  A Remington Modell 11 12-guage shotgun (SN: 382050);

  t.  A Ruger Model 10/22 .22 caliber handgun (SN: 001-44658);

  u.  A Marlin Model 60 .22 caliber rifle (SN: 3375380);

  v.  A Ruger Model 10/22 rifle (SN: 125-32271);

  w.  A Savage M112 .300 caliber rifle (SN: G150145);

  x.  A Savage M 12 rifle (SN: G506071);

  y.  A Savage 22-250 rifle (SN: G573442);

  z.  A Savage 17 Hornet rifle (SN: VS 00496); and

  aa.  A Heritage Rough Rider .22 caliber handgun (SN: HR39326).

## FACTS SUPPORTING FORFEITURE

5. This affidavit does not include all of the information known to your affiant and law enforcement officers who are part of this investigation. The information presented herein is derived from information provided by federal and law enforcement agencies, including the Federal Bureau of Investigation (FBI), the review and analysis of financial records, and from other sources, including public sources and databases. This affidavit contains facts which your affiant believes are sufficient to establish probable cause that the above-named properties are subject to forfeiture.

### *Plea by Ricky Williams Akins*

6. On September 28, 2017, RICKY WILLIAM AKINS pled guilty to count one of an Indictment charging AKINS with conspiracy to distribute a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The following facts were not disputed by AKINS in his plea agreement[1]:

---

[1] *United States v. Akins*, 3:17-CR-30010-005, Doc. 93.

a. On March 1, 2017, a confidential informant (CI) working in conjunction with the FBI conducted a controlled purchase of methamphetamine from co-conspirator ERIC FRIEND. The CI, while equipped with an audio/video recording device, met with FRIEND in Harrison, Arkansas, who told the CI "I got to go to Lead Hill," to obtain the methamphetamine before FRIEND could sell it to the CI.

b. FBI investigators followed co-conspirator FRIEND to AKINS's home in Lead Hill, Arkansas. FRIEND entered AKINS's home, remained inside for a period of time, then was followed as he drove back directly to the CI's location. There, FRIEND provided the CI with 1.971 grams of actual methamphetamine.

c. From April 7, 2017, through May 5, 2017, the FBI conducted Court-authorized wire and electronic interceptions from cellular telephone ending in 9117, which was utilized by FRIEND. During the investigation, it was ascertained that AKINS utilized telephone number ending in 0080.

d. On April 7, 2017, a series of telephone calls were intercepted between FRIEND and a supplier of methamphetamine for FRIEND in Springdale, Arkansas. In these calls, FRIEND and the supplier of methamphetamine agreed to meet later in the day, so that FRIEND could provide the supplier with money for previously-provided methamphetamine, and so the supplier could provide FRIEND with additional methamphetamine.

e. Also on April 7, 2017, at approximately 4:07pm, a call was intercepted between AKINS and FRIEND. In this call, the defendant agreed to drive FRIEND to Springdale so that they could obtain "geek." AKINS acknowledged that "geek" is a reference to a substance he knew to be methamphetamine.

  f. The FBI established surveillance in the area where the meeting was to occur. The FBI observed as AKINS drove FRIENDS's vehicle with FRIEND as the passenger to an area near Springdale, where FRIEND met with the supplier of methamphetamine. AKINS acknowledged that the purpose of this meeting was to conduct a methamphetamine transaction.

  g. On August 17, 2017, AKINS was arrested and his home was searched pursuant to a search warrant. Inside the defendant's home, the FBI located currency, plastic baggies, methamphetamine smoking devices, scales, and methamphetamine transactional records. AKINS acknowledged that each of those listed items were utilized by him in the trafficking of methamphetamine. In addition to the items found in AKINS's home related to methamphetamine trafficking, the FBI located several firearms.

*Evidence of methamphetamine drug distribution and use*

7.  The aforementioned methamphetamine drug (meth) evidence seized from AKINS' residence was consistent with meth distribution (scales and plastic baggies are used to weigh and package smaller amounts of meth for sale) and meth use (smoking devices are used for ingestion of meth). The aforementioned items are used in such a way as to make it clear to anyone living at AKINS' residence that meth use and distribution was regular and ongoing.

8.  Based on the aforementioned facts concerning methamphetamine drug trafficking by AKINS at his residence, and the meth trafficking and use evidence seized at AKINS' residence, it is reasonable to believe CHRYSTAL AKINS (CHRYSTAL), AKINS's spouse, who was residing with AKINS during this time at AKINS's residence, would have knowledge of meth distribution and/or meth use at the residence.

*Property Seized from the Search of Akins's Home*

9.  The following firearms were seized from AKINS's residence located at 100 Penix Drive in Lead Hill, Arkansas, on August 17, 2017, pursuant to a search warrant issued by United States Magistrate Judge Mark E. Ford on August 15, 2017[2]:

   a. A Ruger New Vaquero .357 caliber handgun (SN: 51048963);

   b. A Marlin 12-gauge shotgun (SN: 95300396);

   c. A Remington 100 12-gauge shotgun (SN: M585014V);

   d. A Remington Baikal 12-gauge shotgun (SN: 0652511R);

   e. A Heritage .357 caliber revolver (SN: F09726);

   f. A HiPoint Model 995 9mm rifle (SN: B53673);

   g. An EIG .22 caliber handgun (SN: 356732);

   h. A Keltec P3AT .380 caliber handgun (SN: HTC55);

   i. A Ruger New Vaquero .357 caliber handgun (SN: 51046725);

   j. A Marlin 1894CB .357 caliber rifle (SN: 932018193);

   k. A HiPoint JHP .45 caliber handgun (SN: X460592);

   l. A Henry .22 caliber rifle (SN: 541513H);

   m. A Taurus ET 145 Pro .45 caliber handgun (SN: NAM01259);

   n. A Beretta MU22 NEOS 9mm handgun (SN: P74479);

   o. A Taurus Judge 410/45 caliber handgun (SN: JP537539);

   p. A Bushmaster Carbon-15 9mm handgun (SN: BK3010033);

   q. A Palmetto PA-15 multi-caliber handgun (SN: LW285771);

   r. An Eksen Arms 12-guage shotgun (SN: X1100819);

---

[2] *In the Matter of the Search of 100 Penix Drive*, 3:17-CM-19

  s.  A Remington Modell 11 12-guage shotgun (SN: 382050);

  t.  A Ruger Model 10/22 .22 caliber handgun (SN: 001-44658);

  u.  A Marlin Model 60 .22 caliber rifle (SN: 3375380);

  v.  A Ruger Model 10/22 rifle (SN: 125-32271);

  w.  A Savage M112 .300 caliber rifle (SN: G150145);

  x.  A Savage M 12 rifle (SN: G506071);

  y.  A Savage 22-250 rifle (SN: G573442);

  z.  A Savage 17 Hornet rifle (SN: VS 00496); and

  aa.  A Heritage Rough Rider .22 caliber handgun (SN: HR39326).

*Akins's Lack of Reported Income*

10. On August 14, 2017, the FBI obtained State tax return information submitted by AKINS and CHRYSTAL AKINS (CHRYSTAL), AKINS's spouse. The tax returns for the years obtained reflected AKINS and CHRYSTAL filed jointly. Those tax returns reflected a joint income at or below the poverty level.

11. Based on the aforementioned facts concerning methamphetamine drug trafficking by AKINS, it is clear he generated a revenue stream for their household based on trafficking methamphetamine.

12. The 28 firearms seized from AKINS's residence during the search conducted on August 17, 2017, have an estimated total value in excess of $12,000, which are asset holdings inconsistent with the lack of reported income by AKINS and his spouse. It is, however, consistent with the aforementioned facts regarding methamphetamine drug trafficking by AKINS, that the purchase of the firearms seized at AKINS's residence were purchased with proceeds of methamphetamine drug trafficking.

## CONCLUSION

13. Based on your affiant's training and experience, and the investigation as detailed herein, your affiant believes that AKINS was operating a drug trafficking operation out of his residence located at 100 Penix Drive, Lead Hill, Arkansas, and that the firearms found in that residence on August 17, 2017, are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because they constitute 1) moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; or 3) moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of the Controlled Substances Act. Further your affiant sayeth not.

_____<br>
Justin Ledzinski<br>
Special Agent<br>
Federal Bureau of Investigation

Subscribed and sworn before me this 7th day of February 2018.

State of Arkansas )
County of Washington )

Before me, the above authority personally appeared, FBI Special Agent Justin Ledzinski, who having produced his FBI credentials as identification and having being duly sworn, states that the foregoing is true to the best of his knowledge, information, and belief.

Witness my hand and official seal on this 7th day of February 2018.

_____
Notary Public
Commission Expires: 11-25-2022

OFFICIAL SEAL
KRISTY RAY
NOTARY PUBLIC . ARKANSAS
WASHINGTON COUNTY
COMM. No. 12390801
COMM. EXP. 11/25/2022

(seal)